FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | ) | **UNDER SEAL** |
|---|---|---|
| IN RE: | ) | (Pursuant to Local Criminal Rule 49 and |
| | ) | Fed. R. Crim. P. 6(e)) |
| GRAND JURY CASE NO. 10-GJ-3793 | ) | |
| | ) | Case No. 1:19-DM-12 |
| | ) | |
| | ) | GRAND JURY NO. 19-3 |
| | ) | |
| | ) | Hearing: May 16, 2019 |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO CHELSEA MANNING'S MOTIONS TO QUASH AND FOR DISCLOSURE OF ELECTORNIC SURVEILLANCE

Chelsea Manning has publicly announced her intention to disobey this Court's order to testify in front of the grand jury. Approximately two months ago, she violated Judge Hilton's order to testify in the same investigation, and he held her in civil contempt. Manning was released from incarceration only because the term of the grand jury expired. This afternoon, the Court will hold a hearing to address Manning's continued recalcitrance.

Late yesterday afternoon, Manning filed two motions—a motion to quash and a motion seeking the Court to require the government to affirm or deny electronic surveillance of her. As explained below, both motions are wholly without merit and serve simply as an attempt to delay the matter. The Court should deny the motions, hold Manning in civil contempt, and return her to incarceration until she complies with its order or the term of this grand jury expires.

1. Manning's first argument is that the government is improperly using the grand jury to obtain discovery on an indicted defendant, Julian Assange. As the government explained in its bench memorandum, this argument has no merit. *See* Gov't's Bench Mem. 15-16 (May 15, 2019). The Fourth Circuit precedent is clear: even after returning an indictment, the grand jury

may continue investigating new charges or targets that are related to the pending indictment. *See United States v. Alvarado*, 840 F.3d 184, 189-90 (4th Cir. 2016); *United States v. Bros. Constr. Co. of Ohio*, 219 F.3d 300, 314 (4th Cir. 2000); *United States v. Moss*, 756 F.2d 329, 332 (4th Cir. 1985). To demonstrate that it is seeking Manning's testimony for proper purposes, the government has provided the Court with an ex parte submission that shows her testimony is directly relevant and important to an ongoing investigation into charges or targets that are not included in the pending indictment. *See* Gov't's Ex Parte Submission Regarding Nature of Grand-Jury Investigation (May 15, 2019). As that submission reflects, the government is not using the "grand jury proceedings for the 'sole or dominant purpose' of preparing for trial on an already pending indictment." *Alvarado*, 840 F.3d at 189 (4th Cir. 2016) (quoting *Moss*, 756 F.2d at 332). The Court should therefore deny Manning's motion to quash.

2. Manning's second argument fares no better. Pursuant to 18 U.S.C. § 3504, Manning moves for the Court to require the government to affirm or deny whether she was subjected to electronic surveillance. Manning raised this exact issue in front of Judge Hilton in March, and he properly denied it. Gov't's Bench Mem., Ex. A, at 23-27, 46-52, 318-19; *id.*, Ex. B, at 373, 385. Manning appealed Judge Hilton's ruling, the parties extensively briefed the issue, and the Fourth Circuit affirmed Judge Hilton. *See* Ex. C, at 11-19; Ex. D, at 20-35; Ex. E, at 5-12; Ex. H, at 2. In front of a new judge, Manning now seeks to relitigate the issue by adding a few new claims to her declaration. *See* Ex. 1 (reflecting the declaration that Manning submitted to Judge Hilton). The Court should deny Manning a second bite of the apple.

In any event, Manning's motion fails on its merits now for the same reasons that it failed previously. First, and most importantly, the text of § 3504 requires the moving party to show a connection between the alleged electronic surveillance and the questions asked or evidence used

2

at the grand jury (i.e., that the questioning or evidence was the "primary product" or "obtained by the exploitation of" unlawful electronic surveillance). *See* 18 U.S.C. § 3504(a)(1); *United States v. Shelton*, 30 F.3d 702, 707-08 (6th Cir. 1994); *United States v. Robins*, 978 F.2d 881, 887 (5th Cir. 1992); *United States v. Nabors*, 707 F.2d 1294, 1302 (9th Cir. 1983); *In re Baker*, 680 F.2d 721, 722 (11th Cir. 1982). The statute "is not a discovery tool to be used to determine the existence or validity of wiretaps completely unrelated in time or substance to the on-going proceeding." *In re Grand Jury Matter*, 906 F.2d 78, 93 (3d Cir. 1990). As the government explained on appeal, Manning did not show that the questions she was previously asked in the grand jury had any connection whatsoever to electronic surveillance. *See* Gov't's Bench Mem., Ex. C, at 29-34. In fact, on their face, the questions reflect that they had no basis in electronic surveillance. Manning now refuses to answer those exact same questions again. Because Manning cannot satisfy the threshold requirement that the questions propounded in the grand jury had a connection to the alleged electronic surveillance, the Court should deny the motion outright.

Second, under *United States v. Apple*, 915 F.2d 899 (4th Cir. 1990), Manning cannot show that she was a "party aggrieved," as the text of the statute requires. *Id.* at 905. To satisfy this threshold requirement, Manning must "make a prima facie showing that . . . [s]he was a party to an intercepted communication, that the government's efforts were directed at [her], or that the intercepted communications took place on [her] premises." *Id.* "This critical showing may not be based on mere suspicion; it must have at least a 'colorable basis.'" *Id.* (quoting *United States v. Pacella*, 622 F.2d 640, 643 (2d Cir. 1980)). The allegations in Manning's declaration amount to nothing more than mere suspicion that the government electronically surveilled her. Because she cannot demonstrate that she was an aggrieved party, the government

3

is not required to affirm or deny any electronic surveillance. *See* Gov't's Bench Mem., Ex. C, at 25-29 (explaining why Manning's prior declaration did not satisfy this standard).

Even though Manning cannot satisfy the threshold requirements of § 3504, the government wishes to put this issue to rest. The government thus notifies the Court and defense counsel of the following:

> Chelsea Manning was not and is not a subject of electronic surveillance pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522. That being said, she is not entitled to notification of any other type of surveillance before complying with the grand jury subpoena requiring her testimony. Moreover, even assuming that she *was* the subject of some other type of surveillance, she could not contest the legality of such surveillance at the grand jury stage.

Ex. 2 (redacted).[1]

The government has used this same language in responding to a similar motion brought under § 3504(a)(1). The Fourth Circuit held that this language satisfied any obligation to affirm or deny under § 3504(a)(1). *In re Grand Jury Subpoena (T-112)*, 597 F.3d 189, 200 (4th Cir. 2010). This notice, therefore, should end the matter.

*****

As outlined in the government's bench memorandum, the Court should hold Manning in civil contempt and order her incarceration until she purges herself of her contempt or for the life of the grand jury.

---

[1] The government has redacted the names of the clients involved in the letter. At the hearing, the government will bring an unredacted version, which it can furnish for the Court to review in camera, if necessary.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Tracy Doherty-McCormick
First Assistant United States Attorney

Gordon D. Kromberg
Kellen S. Dwyer
Thomas W. Traxler
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3700
Facsimile (703) 299-3980
Thomas.traxler@usdoj.gov

Matthew R. Walczewski
Nicholas Hunter
Trial Attorneys, National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone (202) 233-0986
Facsimile (202) 532-4251
Matthew.walczewski@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2019, I caused the foregoing document to be sent to the following via electronic mail:

Moira Meltzer-Cohen
Attorney at Law
Mo_at_Law@protonmail.com

Christopher Leibig
Attorney at Law
Chris@chrisleibiglaw.com

Thomas W. Traxler
Assistant United States Attorney