# Attachment 2

MAY 2 0 2019

United States Court of Appeals
District of Columbia Circuit

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

David Andrew Christenson – Appellant (Movant)

v.

Appellee – NA

(Electronic Privacy Information Center v. United States Department of Justice)

Case: 19-5121

Civ. Action No. 19-810 - RBW

Notice – The attached Memorandum was docketed by this court (CADC) on June 20th, 2005 in the Senator Rand Paul Appeal.

The unbelievable events go back to 2002, 17 years ago.

God gave me the opportunity to serve my penance here on earth.

After reading the pleading you will understand that God cannot and will not directly intercede to save Mankind.

God gave us Free Will.

If I told you the story you would tell me that it was impossible and yet here is the documented, factual and verifiable story of how truly corrupt we are.


GODSPEED.

Sincerely filed In Proper Person,

David Andrew Christenson
Box 9063
Miramar Beach, Fl. 32550
504-715-3086
davidandrewchristenson@gmail.com
dchristenson6@hotmail.com

## CERTIFICATE OF SERVICE
I hereby certify that on May 18th, 2019 I filed the foregoing with the Clerk of Court and served the pleading on all counsel of record by e-mail.

David Andrew Christenson



**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

David Andrew Christenson
RAND PAUL & FREEDOMWORKS, INC., ET AL.,
Plaintiff – Appellant

v.                                                                            Case 14-5212

UNITED STATES OF AMERICA
PRESIDENT BARACK OBAMA, ET AL.,
DEFENDATS – Appellee

### Memorandum

 Once again I cannot invent what I am about to share with you. The information involves my bankruptcy, Impeached Federal Judge Thomas Porteous, Attorney Claude Lightfoot who represented both Judge Porteous and me and the criminal actions of US Attorney James Letten and the Department of Justice. There is no doubt, substantiated by the evidence, that the Department of Justice stole $1,500,000.00 from my bankruptcy estate. Federal Judges Sidney Brooks and Jerry Brown participated. I filed Judicial Misconduct Complaints against both Judges and filed them in this case.

I am prolific, tenacious and I document everything when it comes to protecting the American people and myself and I do it within the (what you have created is an imaginary set of laws) real boundaries of the law.

Attachment 1: "Motion to Change Classification…" of my bankruptcy. In simple terms I asked that my bankruptcy be changed to an "asset" bankruptcy based on legal advice from Bankruptcy Attorney and Chapter 7 Trustee Claude Lightfoot. (As a side note: Claude Lightfoot received a slap on the wrist 30 day suspension of his law license for his criminal activity in the Federal Judge Porteous case. He should have gone to prison for fraud, perjury and misprision of a felony.)
Attachment 2: "Response". Can a Federal Courtroom and Judge be any more corrupt?
Attachment 3: A chronology of part of the bankruptcy that included changing the classification.
Attachment 4: Order denying the change. Please remember that before the hearing the US Marshals threatened me and removed me from the courtroom so that all of the court's business could be concluded. I had been in the courtroom for over thirty minutes and just before the hearing started the US Marshal approached me as I sat quietly and told me that I had to accompany them or I would be arrested. The Armed US Marshals kept me confined in an office.
Attachment 5: A Memorandum filed in the Danziger Civil Rights criminal case. This Memorandum concerns the criminal conduct of Federal Judge Thomas Porteous and our Attorney Claude Lightfoot. The court documents are unbelievable. They perjured themselves in writing.
Attachment 6: Trustee's interim report, Form 1 and notice of possible dividends in my bankruptcy.  This court documentation confirms the existence of $1,500,000.00 in my bankruptcy.

2

Case 1:19-dm-00012-AJT   Document 15-2   Filed 06/05/19   Page 4 of 26 PageID# 927

USCA Case #19-5121   Document #1788984   Filed: 05/20/2019   Page 3 of 25
USCA Case #14-5212   Document #1533589   Filed: 01/20/2015   Page 2 of 20

Attachment 7: Emails between US Attorney James Letten and myself. Notice the threat which Letten followed through on.

Sincerely filed, In Proper Person,

David Andrew Christenson
Box 9063
Miramar Beach, Fl. 32550
504-715-3086
davidandrewchristenson@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13th, 2015 I filed the foregoing with the Clerk of Court and served the pleading on all counsel of record by e-mail.

_____

David Andrew Christenson

Case 1:19-dm-00012-AJT   Document 15-2   Filed 06/05/19   Page 5 of 26 PageID# 928

USCA Case #19-5121   Document #1788984   Filed: 05/20/2019   Page 4 of 25
USCA Case #14-5212   Document #1533589   Filed: 01/20/2015   Page 3 of 20

# Attachment 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF: | CASE NUMBER |
| David A. Christenson | 04-18809<br>Section "B" |
| DEBTOR | CHAPTER 7<br>LIQUIDATION |

<u>MOTION TO CHANGE CLASSIFICATION OF DAVID A. CHRISTENSON'S
EASTERN DISTRICT OF LOUISIANA BANKRUPTCY CASE 04-18809
FROM A "NO-ASSET" CASE TO AN "ASSET" BANKRUPTCY CASE WITH ALL
FEDERAL BANKRUPTCY LAWS, PROCEDURES AND RULES BEING USED
AND FOLLOWED, BY THE U.S. TRUSTEE, TO OPTIMIZE THE REVOCERY AND
DETAILED ACCOUNTING OF ALL ASSETS THAT WERE OWNED BY MR.
CHRISTENSON AND DAC AIR, INC. ON THE DATE OF HIS BANKRUPTCY
FILING WITH THE EQUITABLE DISTRIBUION OF THOSES ASSETS</u>

NOW INTO THIS COURT comes David A. Christenson, debtor in the above matter, who with respect represents:

The case was reopened by Mr. Claude Lightfoot, P.C. and is currently in that status. Mr. Lightfoot informed Mr. Christenson that his case was in fact an "Asset" case and that debtor needed to change the status from a "No-Asset" to an "Asset" Bankruptcy Case. Please see the attached Form 1 from the DAC Air Inc. Bankruptcy Case. Mr. Christenson owned 100% of DAC Air Inc. and was unaware of this form at the time of his filing for Bankruptcy. This Form 1 was filed after Mr. Christenson filed for Bankruptcy. At this time the Debtor believes that there will be sufficient assets recovered to change the Bankruptcy from a Chapter 7 to a Chapter 11 or to a complete withdraw.

The debtor request that this case be changed to an "Asset" case so that debtor and the U.S. Trustee can work diligently and in cooperation with each other to recover and account for all of the assets of the debtor.

Should the motion be granted debtor promises to work zealously with the U.S. Trustee to recover and account for all assets so that distributions can be made to all creditors including *the Internal Revenue Service and the Small Business Administration who may be owed as much as $4,000,000.00.*

WHEREFORE debtor prays that this Court change the status of this case so that a legal accounting, a legal recovery of all assets and a legal distribution will be made to all creditors in accordance with Federal Bankruptcy Laws, Rules and Procedures.

Case 1:19-dm-00012-AJT   Document 15-2   Filed 06/05/19   Page 6 of 26 PageID# 929

USCA Case #19-5121    Document #1788984    Filed: 05/20/2019   Page 5 of 25
USCA Case #14-5212    Document #1533589    Filed: 01/20/2015   Page 4 of 20

# Attachment 1

David A. Christenson will act "PRO SE".

Mr. Christenson does not have the funds necessary to retain Mr. Lightfoot due to the abrupt change in the direction of the case. Mr. Lightfoot was retained for certain reasons (Attorney client privilege does not allow elaboration) and he has fulfilled his obligation. Mr. Lightfoot has been paid in full. Mr. Lightfoot has a major conflict of interest.



Mr. Christenson was the sole owner of DAC Air Inc. which is currently being administered as a chapter 7 bankruptcy case (02-26388SBB) in Colorado. DAC Air Inc. was involuntary converted to a chapter 7 case on December 12th, 2003. On February 9th, 2005, 14 months after being converted, the US Trustee filed a form 1 that showed that DAC Air Inc. had a net value of $1,595,060.16. Please see attachment 1. DAC Air Inc. was part of several major lawsuits that will result in economic benefit to the creditors. Mr. Christenson filed for bankruptcy protection on November 23rd, 2004. The DAC Air Inc. trustee has filed only one form 1 (A form 1 should have been filed every six months which would have resulted in a total of four) and that was after Mr. Christenson filed for bankruptcy protection. It is possible that Mr. Christenson could have avoided bankruptcy if he had been made aware of the value of DAC Air Inc.

The reason that this is so important is that Mr. Christenson was the guarantor on all loans and is liable for the tax debt of the corporation. The vast majority of Mr. Christenson's debt is as the guarantor for DAC Air Inc.

Mr. Christenson will cooperate fully with the US Trustee in the recovery and preservation, as is required by law, of all assets of both DAC Air Inc. and himself. Mr. Christenson is anxious to get started so that he may rectify the situation.

Mr. Lightfoot informed Debtor that the U.S. Trustee would cooperate fully but that he had to initiate the change in the Bankruptcy status by filing this motion.

Sincerely Filed Pro Se by,

David A. Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086
March 27th, 2006.

# Attachment 1

**Form 1**

Page: 1

**Individual Estate Property Record and Report**

**Asset Cases**

Case Number: 02-26338 SSS
Case Name: DAC AIR, INC.

Period Ending: 12/31/04

Trustee: (260120)     CYNTHIA V.R. SKEEN, TRUSTEE
Filed (f) or Converted (c): 12/15/03 (c)
§341(a) Meeting Date: 05/06/02
Claims Bar Date: 07/19/04

| Ref.# | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | CASH ON HAND | 74.69 | 74.69 | | 0.00 | 74.69 |
| 2 | BANK ACCOUNTS | 91.62 | 91.62 | | 0.00 | 91.62 |
| 3 | SECURITY DEPOSITS | 36,000.00 | 36,000.00 | | 0.00 | 36,000.00 |
| 4 | ACCOUNTS RECEIVABLE | 24,552.70 | 24,552.70 | | 6,000.00 | 18,552.70 |
| 5 | EMPLOYEE ADVANCES | 3,091.19 | 3,091.19 | | 0.00 | 3,091.19 |
| 6 | SHAREHOLDERS RECEIVABLES | 99,770.69 | 99,770.69 | | 0.00 | 99,770.69 |
| 7 | VARIOUS VEHICLES, ETC | 1,489,575.50 | 1,489,575.50 | | 130,072.61 | 1,359,503.89 |
| 8 | OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES | 3,438.84 | 3,438.84 | | 0.00 | 3,438.84 |
| 9 | THREE FORKLIFTS | 73,196.24 | 73,196.24 | | 0.00 | 73,196.24 |
| 10 | INSURANCE PREMIUMS | 25,548.00 | 25,548.00 | | 25,548.00 | 0.00 |
| Int | INTEREST (u) | Unknown | N/A | | 341.12 | Unknown |
| 11 | Assets     Totals (Excluding unknown values) | $1,755,562.77 | $1,755,562.77 | | $165,559.73 | $1,595,059.16 |

Printed: 02/03/2005 11:26 AM   V.5.40

Case 1:19-dm-00012-AJT   Document 15-2   Filed 06/05/19   Page 8 of 26 PageID# 931

USCA Case #19-5121   Document #1788984      Filed: 05/20/2019   Page 7 of 25
USCA Case #14-5212   Document #1533589      Filed: 01/20/2015   Page 6 of 20

# Attachment 2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN THE MATTER OF:                                           CASE NUMBER

David A. Christenson                                         04-18809
                                                            Section "B"

DEBTOR                                                      CHAPTER 7
                                                            LIQUIDATION

<p align="center">Response</p>

My motion and order to change my bankruptcy case from a "no asset" to an "asset" case
was not acted on during a hearing on the 26th of April, 2006 but instead was delayed to a
hearing on the 10th of May, 2006 in Judge Brown's courtroom.

**The goal of my motion and order was to recover the $4,000,000.00 that I owe the
United States Government.**

My motion and order should have been approved.

My motion and order were properly filed.

No objection or response was filed.

My motion was properly served to both the U.S. Trustee and Mr. Babin.

As an unopposed motion, which was properly filed and served, Judge Brown should have
approved the motion and signed the order.

The U.S. Trustee's office was well represented at the hearing, was completely informed
and had the ability to act.

Mr. Lightfoot (My ex attorney) reopened the case on my behalf. Mr. Lightfoot
communicated with Mr. Babin and Mr. Babin acted as the U.S. Trustee. Mr. Babin and
the U.S. Trustee's office had no objection to reopening my case. Mr. Lightfoot, who is
also a U.S. Trustee, informed me that Mr. Babin was indeed the acting U.S. Trustee for
my bankruptcy. If Mr. Babin had to be reappointed why was it not done when the case
was reopened? Mr. Lightfoot thought Mr. Babin was the acting U.S. Trustee. Mr. Babin
acted like he was the U.S. Trustee.

Why did Judge Brown bring up the situation that Mr. Babin had to be reappointed? Why
was Mr. Babin not reappointed when the case was reopened? Why did Mr. Lightfoot deal

Case 1:19-dm-00012-AJT  Document 15-2  Filed 06/05/19  Page 9 of 26 PageID# 932

USCA Case #19-5121     Document #1788984     Filed: 05/20/2019   Page 8 of 25
USCA Case #14-5212     Document #1533589     Filed: 01/20/2015   Page 7 of 20

# Attachment 2

with Mr. Babin who represented himself to be the U.S. Trustee for my reopened bankruptcy?

Judge Brown did everything he could not to deal with my motion and order. He questioned if I filed it properly, which I did. He questioned if I served it properly, which I did. He allowed two U.S. Trustee's, who were familiar with the case, to speak and represent the U.S. Trustee. They did not object to my motion or order. Why did Judge Brown take it upon himself to rule in such a manner?

**The U.S. Trustee's office was completely aware of my motion and order and acted to conspire against me and the United States Government by their actions in Judge Brown's courtroom!!! To plead ignorance and to say that no one showed up, when they were there along with Mr. Lightfoot who is a U.S. Trustee, is criminal. Mr. Lightfoot should have confirmed for the court that Mr. Babin was indeed the U.S. Trustee. Mr. Lightfoot was my attorney and had an ethical and legal responsibility to protect me.**

My motion was very simple and had honorable intentions. The goal of the motion and order was to recover the $4,000,000.00 that I owe the United States Government.

Why would Judge Brown not approve this motion and sign the order?

Sincerely Filed Pro Se by,

David A. Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086
March 27th, 2006.

Case 1:19-dm-00012-AJT   Document 15-2   Filed 06/05/19   Page 10 of 26 PageID# 933

USCA Case #19-5121    Document #1788984    Filed: 05/20/2019    Page 9 of 25
USCA Case #14-5212    Document #1533589    Filed: 01/20/2015    Page 8 of 20

# Attachment 3

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF:

David A. Christenson

**DEBTOR**

CASE NUMBER

04-18809
Section "B"

CHAPTER 7
LIQUIDATION

| | |
|---|---|
| 02/13/06 | Motion to reopen |
| 02/27/06 | *Objections and Supplemental Motions filed, still open.* |
| 03/08/06 | Order granting Motion to reopen. Court knew about above. |
| 03/10/06 | Motion to Withdraw filed. Fired Lightfoot for Criminal Conflict. |
| 03/14/06 | Order allowing Lightfoot to withdraw. |
| 03/28/06 | Motion to change classification filed. |
| 04/26/06 | Hearing. Gravolet entered appearance. Babin was a no-show had proper service. |
| 04/27/06 | Filed Response to hearing. |
| 05/03/06 | Filed Motion for Sanctions. |
| 05/10/06 | Hearing. Denied Motion for changing classification. Court and Trustee did not address Sanctions. |
| 06/30/06 | Illegally closed Bankruptcy. |
| 08/15/06 | Set hearing date for Sanctions and Clerk's office reopened Bankruptcy. |
| 08/30/06 | Response filed by Babin. Does not have standing. |
| 09/07/06 | Response filed by Gravolet. Was not filed in a timely manner. |
| 09/13/06 | Motion for Summary Judgment for Sanctions filed. |
| 09/13/06 | Hearing. |

Case 1:19-dm-00012-AJT    Document 15-2    Filed 06/05/19    Page 11 of 26 PageID# 934

USCA Case #19-5121    Document #1788984    Filed: 05/20/2019    Page 10 of 25
USCA Case #14-5212    Document #1533589    Filed: 01/20/2015    Page 9 of 20

# Attachment 4

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

ORDER
BROWN, J.
MAY 10, 2006

IN RE

**DAVID ANDREW CHRISTENSON**

DEBTOR(S)

**BANKRUPTCY NO.**
**04-18809**
**SECTION "B"**
CHAPTER 7

This matter came before the Honorable Jerry A. Brown this date as a continued hearing on the motion of David Andrew Christenson to change classification from no asset to asset case **(P-34).**

PRESENT:    **DAVID ANDREW CHRISTENSON**
Debtor, Pro-Se

ROBERT C. GRAVOLET
Counsel for the U.S. Trustee

WILBUR J. BABIN, JR.
Former Chapter 7 Trustee of the
Estate of David Andrew Christenson

Considering the arguments of counsel, the Debtor and the Trustee, and for reasons orally assigned,

**IT IS ORDERED** that the motion of David Andrew Christenson to change classification from no asset to asset case is **DENIED.**

New Orleans, Louisiana, May 10, 2006.

*J. A. Brown*

JERRY A. BROWN
BANKRUPTCY JUDGE

Case 1:19-dm-00012-AJT   Document 15-2   Filed 06/05/19   Page 12 of 26 PageID# 935

USCA Case #19-5121       Document #1788984       Filed: 05/20/2019   Page 11 of 25
USCA Case #14-5212       Document #1533589       Filed: 01/20/2015   Page 10 of 20

# Attachment 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO. 2:10-cr-00051 |
| v. | SECTION: I |
| JEFFREY LEHRMANN | VIOLATIONS: 18 U.S.C. |

MEMORANDUM/FRIEND OF THE COURT BRIEF

Part 7

Evidence that James Letten has criminal conspired against me, David Christenson. This evidence clearly attacks the credibility of US Attorney James Letten. I filed a criminal complaint against Claude Lightfoot, Michael Bolen, Wilbur Babin and Robert Gravolet of the US Trustee's Office. Claude Lightfoot represented Federal Judge Gabriel T. Porteous in his bankruptcy. Claude Lightfoot was my attorney as well.

Attachment 1: Bankruptcy petition filed by Claude Lightfoot on behalf of G.T. Ortous (Federal Judge Gabriel Thomas Porteous) and his wife on 03/28/01. Lightfoot, Ortous and Ortous's wife signed the Federal Bankruptcy document under penalty of perjury. This is a federal crime.

Attachment 2: US Trustee's Interim Report showing that DAC Air, Inc. had $1,595,050.16 in assets.

Attachment 3. Notice of Possible Dividends for the DAC Air, Inc. estate filed by the US Trustee.

Attachment 4. E-mail exchanged between James Letten and me.

Fact: The capital assets of DAC Air, Inc. have never been completely accounted for. More that 30% of the capital assets have not been accounted for.

Fact: The recovery of the capital assets could have been used to pay off the $5,000,000.00 debt that I have to our Federal Government.

Why would James Letten protect a criminal enterprise? Why would he not honor his oath and prosecute the criminals?

My intentions were honorable. I wanted to account for the capital assets and pay my debt to our Federal Government.

Why were Lightfoot, Bolen, Babin and Gravolet not indicted by US Attorney James Letten? Everyone is still allowed to practice law in front of the Federal Bench. Why would any Federal Judge allow Letten, Lightfoot, Bolen, Babin and Gravolet to practice law in front of their bench?

Letten used Porteous as an excuse not to prosecute Lightfoot, Bolen, Babin and Gravolet. Letten had every legal right to prosecute them for what they did in my bankruptcy case. Does Letten really expect me to believe that these four criminals were granted blanket immunity for all of their crimes?


Sincerely filed,

In Proper Person
David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086
dchristenson6@hotmail.com

24 MAR 01

# Attachment 5

FORM B1

| United States Bankruptcy Court<br>Eastern District of Louisiana | Voluntary Petition |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Ortous, G. T. | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>Ortous, C. A. |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>P.O. Box 1723<br>Harvey, LA 70059-1723 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>P.O. Box 1723<br>Harvey, LA 70059-1723 |
| County of Residence or of the Principal Place of Business: Jefferson Parish | County of Residence or of the Principal Place of Business: Jefferson Parish |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | 01-12363 |

2001 MAR 28 P 4:46 CLERK

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|
| ☑ Individual(s) ☐ Railroad<br>☐ Corporation ☐ Stockbroker<br>☐ Partnership ☐ Commodity Broker<br>☐ Other ____ | ☐ Chapter 7 ☐ Chapter 11 ☑ Chapter 13<br>☐ Chapter 9 ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |
| **Nature of Debts (Check one box)**<br>☑ Consumer/Non-Business ☐ Business | **Filing Fee (Check one box)**<br>☑ Full Filing Fee Attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| **Chapter 11 Small Business (Check all boxes that apply)**<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information (Estimates only)** — THIS SPACE IS FOR COURT USE ONLY

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Case 1:19-dm-00012-AJT   Document 15-2   Filed 06/05/19   Page 14 of 26 PageID# 937

USCA Case #19-5121     Document #1788984     Filed: 05/20/2019   Page 13 of 25
USCA Case #14-5212     Document #1533589     Filed: 01/20/2015   Page 12 of 20

# Attachment 5

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s):
G. T. Ortocz
C. A. Ortocz

FORM B1, Page 2

## Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed:  NONE | Case Number: | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:  NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

Date  3-28-01

X _____
Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

Claude C. Lightfoot, Jr., LA 17989
Printed Name of Attorney for Debtor(s) / Bar No.

Claude C. Lightfoot, Jr. P.C.
Firm Name

3500 N. Causeway Blvd.  Suite 459
Address

Metairie, LA 70002

(504) 838-8571  (fax) (504) 838-857
Telephone Number

Date  3-28-01

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____  Z 28 01
Signature of Attorney for Debtor(s)          Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  Not Applicable
_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Not Applicable
_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X  Not Applicable
_____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

A Apt 01-12363 Section "A"

Attachment 5

| United States Bankruptcy Court<br>Eastern District of Louisiana | Voluntary Petition<br>Amended |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Porteous, Jr., Gabriel T. | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>Porteous, Carmella A. |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>4801 Neyrey Drive<br>Metairie, LA 70002 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>4801 Neyrey Drive<br>Metairie, LA 70002 |
| County of Residence or of the Principal Place of Business: Jefferson Parish | County of Residence or of the Principal Place of Business: Jefferson Parish |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

Location of Principal Assets of Business Debtor
(if different from street address above):

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)

- ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor (Check all boxes that apply)**

- ☑ Individual(s)
- ☐ Corporation
- ☐ Partnership
- ☐ Other ______
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box)**

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Sec. 304 - Case ancillary to foreign proceeding
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

**Nature of Debts (Check one box)**

- ☑ Consumer/Non-Business
- ☐ Business

**Filing Fee (Check one box)**

- ☑ Full Filing Fee Attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business (Check all boxes that apply)**

- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information (Estimates only)**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

pr

# Attachment 5

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s): Gabriel T. Porteous, Jr. Carmelia A. Porteous | FORM B1, Page 2 |
|---|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location Where Filed: NONE | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Debtor

X ______________________
Signature of Joint Debtor

______________________
Telephone Number (If not represented by attorney)

4-9-01
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X Not Applicable
Signature of Authorized Individual

______________________
Printed Name of Authorized Individual

______________________
Title of Authorized Individual

______________________
Date

**Signature of Attorney**

X ______________________
Signature of Attorney for Debtor(s)

Claude C. Lightfoot, Jr., LA 17989
Printed Name of Attorney for Debtor(s) / Bar No.

Claude C. Lightfoot, Jr. P.C.
Firm Name

3500 N. Causeway Blvd. Suite 450
Address

Metairie, LA 70002

(504) 838-8571 (fax) (504) 838-8572
Telephone Number

4-9-01
Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Not Applicable
Printed Name of Bankruptcy Petition Preparer

______________________
Social Security Number

______________________
Address

______________________
Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X Not Applicable
Signature of Bankruptcy Petition Preparer

______________________
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X ______________________ 4-9-01
Signature of Attorney for Debtor(s) Date

Case 1:19-dm-00012-AJT    Document 15-2    Filed 06/05/19    Page 17 of 26 PageID# 940

USCA Case #19-5121    Document #1788984    Filed: 05/20/2019    Page 16 of 25
USCA Case #14-5212    Document #1533589    Filed: 01/20/2015    Page 15 of 20

# Attachment 5

**CLOSED**

**U.S. Bankruptcy Court**
**Eastern District of Louisiana (New Orleans)**
**Bankruptcy Petition #: 01-12363**

|  |  |
|---|---|
|  | Date filed:    03/28/2001 |
| *Assigned to:* Douglas D. Dodd | Date terminated:  07/26/2004 |
| Chapter 13 | Date discharged:  07/22/2004 |
| Voluntary |  |
| Asset |  |

*Debtor*
**Gabriel T. Porteous**                    represented by **Claude C. Lightfoot, Jr.**
4801 Neyrey Drive                          Claude C. Lightfoot, Jr. P.C.
Metairie, LA 70002-1723                    650 Poydras Street
(504)                                      Suite 1010
SSN / ITIN: xxx-xx-1366                    New Orleans, LA 70130
                                           (504) 799-2565
                                           Fax : (504) 799-2566
                                           Email:
                                           attorney@claudelightfoot.com

*Debtor*
**Carmella A. Porteous**                   represented by **Claude C. Lightfoot, Jr.**
4801 Neyrey Drive                          (See above for address)
Metairie, LA 70002-1723
(504)
SSN / ITIN: xxx-xx-3992

*Trustee*
**S. J. Beaulieu, Jr.**
433 Metairie Road
Suite 307
Metairie, LA 70005
(504) 831-1313

| Filing Date | # | Docket Text |
|---|---|---|
| 03/28/2001 | 1 | Voluntary Petition missing documents: Schedule A - J Due on 4/12/01 ;Chapter 13 Plan due on 4/12/01 . Filing Fees Pd: 155.00. Notice Fee Pd: 30.00. Trustee Fee Pd: 0. Receipt No. 00173593. [Lane,P.] (Entered: 03/30/2001) |
| 03/28/2001 |  | Mailing Matrix. [Lane,P.] (Entered: 03/30/2001) |

Case 1:19-dm-00012-AJT    Document 15-2    Filed 06/05/19    Page 18 of 26 PageID# 941

USCA Case #19-5121        Document #1788984        Filed: 05/20/2019    Page 17 of 25
USCA Case #14-5212        Document #1533589        Filed: 01/20/2015    Page 16 of 20

Case:02-26388-SBB    Doc#:437    Filed:02/09/05    Entered:02/09/05 10:01:47    Page1 of 6

# Attachment 6

*Attachment 2*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

IN RE:

DAC AIR, INC.                                      Case No. 02-26388 SBB
                                                   Chapter 7

                    Debtor(s)

## TRUSTEE'S INTERIM REPORT

The Trustee, hereby files her Individual Estate Property Record and Report (Form 1) for the six month reporting period ending 12/31/0X. This report is intended to provide parties in interest with a general accounting of the trustee's case administration.

**Column 1: Asset Description (Scheduled and Unscheduled Property)**
This is a listing of all the debtors interest in assets from the petition, schedules, and statement of affairs. Also listed are unscheduled assets discovered by the trustee and income of the estate.

**Column 2: Petition/Unscheduled Values**
Column 2 reflects the dollar value of each asset, as first assigned in the petition by the debtor or by the trustee in the case of unscheduled assets. Scheduled values are often unreliable.

**Column 3: Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions and Other Costs)**
Column 3 reflects the value of each asset as determined by the trustee minus any appropriate adjustment. This value represents the trustee's best estimate of net sale or liquidation value of the asset. Actual liquidation value may differ as a result of market conditions at the time of sale.

**Column 4: Property Abandoned**
If this column is blank it means that 1) trustee intends to administer the asset, 2) has not decided, or 3) has already liquidated the asset. An entry of "OA" indicates the property has or will be formally abandoned under 11 U.S.C.554(a). An entry of "DA" indicates that the property will be abandoned at the closing of the case under 11 U.S.C.§554(c).

**Column 5: Sales/Funds received by the Estate**
Column 5 indicates the gross amount of proceeds received from the liquidation of each asset regardless of amounts paid out the secured creditors or for expenses.

**Column 6: Asset Fully Administered/Gross Value of Remaining Assets**
When an asset had been fully administered the entry "FA" will be listed in Column 6.
For assets still being administered, column 6 reflects the trustee's current best estimate of the gross value. Actual liquidation value may differ as a result of market conditions at the time of sale. Note: The difference between Columns 3 and 5 does not necessarily equal the figure in Column 6.

**Other Information**
Note that the trustee has provided information about the matters pending in the case and the projected date for filing the final report (TFR).

Dated this 8th day of February 2005.

Respectfully submitted,

By _Cynthia v.R. Skeen_
Cynthia v.R. Skeen, Chapter 7 Trustee, #11690
P.O. Box 218
Georgetown, CO 80444
Telephone: 303-569-3134; Facsimile: 303-569-2383

# Attachment 6

## Form 1
### Individual Estate Property Record and Report
### Asset Cases

Case Number: 02-26388 SBB
Case Name: DAC AIR INC.
Period Ending: 12/31/04

Trustee: (260120) CYNTHIA V.R SKEEN, TRUSTEE
Filed (f) or Converted (c): 12/15/03 (c)
§341(a) Meeting Date: 05/08/02
Claims Bar Date: 07/19/04

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/ Unscheduled Values | 3<br>Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4<br>Property Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds Received by the Estate | 6<br>Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | CASH ON HAND | 74.69 | 74.69 | | 0.00 | 74.69 |
| 2 | BANK ACCOUNTS | 91.62 | 91.62 | | 0.00 | 91.62 |
| 3 | SECURITY DEPOSITS | 36,000.00 | 36,000.00 | | 0.00 | 36,000.00 |
| 4 | ACCOUNTS RECEIVABLE | 24,692.70 | 24,692.70 | | 5,000.00 | 19,692.70 |
| 5 | EMPLOYEE ADVANCES | 3,091.19 | 3,091.19 | | 0.00 | 3,091.19 |
| 6 | SHAREHOLDERS RECEIVABLES | 99,770.69 | 99,770.69 | | 0.00 | 99,770.69 |
| 7 | VARIOUS VEHICLES, ETC | 1,489,578.60 | 1,489,578.60 | | 130,072.61 | 1,359,503.99 |
| 8 | OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES | 3,438.64 | 3,438.64 | | 0.00 | 3,438.64 |
| 9 | THREE FORKLIFTS | 73,198.24 | 73,198.24 | | 0.00 | 73,198.24 |
| 10 | INSURANCE PREMIUMS | 28,548.00 | 28,548.00 | | 28,548.00 | 0.00 |
| Int | INTEREST (u) | Unknown | N/A | | 341.12 | Unknown |
| 11 | Assets Totals (Excluding unknown values) | $1,758,668.77 | $1,758,668.77 | | $163,961.73 | $1,595,950.16 |



Case 1:19-dm-00012-AJT    Document 15-2    Filed 06/05/19    Page 20 of 26 PageID# 943

USCA Case #14-5212    Windows Live Hotmail Print Message #1788984    Filed: 05/20/2019    Page 19 of 25
USCA Case #14-5212    Document #1552560    Filed: 01/20/2015    Page 18 of 20

## Attachment 7

RE: Federal Public Defender

From: **Letten, James (USALAE)** (James.Letten@usdoj.gov)
Sent:  Mon 3/08/10 2:50 PM
To:    David Christenson (dchristenson6@hotmail.com); Mann, Jan (USALAE) (Jan.Mann@usdoj.gov);
       Opotowsky, Marvin (USALAE) (Marvin.Opotowsky@usdoj.gov)
Cc:    Hartman, Steven (USMS) (Steven.Hartman@usdoj.gov); Fair, Brian (USMS) (Brian.Fair@usdoj.gov)

Mr. Christenson, regarding the matter you have brought up, neither I nor anyone in our office are permitted
to discuss any aspect of the Porteous case, as we were, from the outset, recused from participation in it, and
never handled any of the investigation or decisions. The matter was handled by a DOJ component from DC.

Additionally, I must tell you that notwithstanding the fact that another arm of Justice handled the matter,
the internal processes and decisions of prosecutors' offices may not be disclosed or otherwise discussed—by
operation of both policy and law.

**From: David Christenson [mailto:dchristenson6@hotmail.com]**
**Sent: Monday, March 08, 2010 2:20 PM**
**To: Letten, James (USALAE); Mann, Jan (USALAE); Opotowsky, Marvin (USALAE)**
**Cc: Hartman, Steven (USMS); Fair, Brian (USMS)**
**Subject: RE: Federal Public Defender**

Mr. Letten,

I would like to discuss the attached documents with you. Lightfoot signed the Porteous
bankruptcy filing. He signed the filing on behalf of G.T. Ortous. This was perjury. It was fraud.

Why is Lightfoot still allowed to practice law? Why is he allowed to practice in Federal Court.
Why is he not in jail? He was my attorney. He knew about the DAC Air assets and the lack of
accountability. He participated in the cover up. Please review the attachments.

I have added US Marshal Brian Fair to the e-mail list. Marshal Fair was the one who threatened
me in Judge Brown's courtroom and altered the course of events. Was the threat done so that
Lightfoot would be protected?

David Christenson
504-715-3086

Subject: RE: Federal Public Defender
Date: Mon, 8 Mar 2010 13:48:55 -0500
From: James.Letten@usdoj.gov
To: dchristenson6@hotmail.com; Jan.Mann@usdoj.gov; Marvin.Opotowsky@usdoj.gov
CC: Steven.Hartman@usdoj.gov

Mr. Christenson, first let me reiterate what I indicated to you the other day. I will be happy to set up a
meeting with you if your counsel approves (provided that you are represented), and if you first provide very
specific details and (if appropriate) documents precisely outlining what issues you wish to discuss, and what

Case 1:19-dm-00012-AJT   Document 15-2   Filed 06/05/19   Page 21 of 26 PageID# 944

USCA Case #19-5121   Document #1788984        Filed: 05/20/2019   Page 21 of 25
USCA Case #14-5212   Document #1533589        Filed: 01/20/2015   Page 19 of 20

# Attachment 7

in format you wish to provide. We can make an intelligent decision about the appropriateness of a meeting only then.

By the way, I think you confused me with Mr. Opotowsky, as I never had any discussions with you about the FPD.

I think it is fair to advise you that I and my staff are concerned about the increasingly-hostile tone and content of your recent emails. We are not anxious to consider this a security problem, so I respectfully suggest that you limit your contacts to providing whatever information you deem relevant, and we will do our best to understand, and to help if we can.

JIM LETTEN
UNITED STATES ATTORNEY
EASTERN DISTRICT OF LOUISIANA

From: David Christenson [mailto:dchristenson6@hotmail.com]
Sent: Monday, March 08, 2010 11:53 AM
To: Letten, James (USALAE); Mann, Jan (USALAE); Opotowsky, Marvin (USALAE)
Subject: Federal Public Defender

Mr. Letten,

You made a strange comment about the Federal Public Defender and talking with me.

I have never been charged with a crime. I have never received a "target letter". The DOJ has never informed me that I was under investigation.

The DOJ has threatened me on several occasions.

I was charged with civil contempt. I was not charged with criminal contempt. The Federal Public Defender was appointed for the civil contempt. You are in the Executive Branch and the civil contempt was for the Judicial Branch.

I see no reason why you and I cannot talk and meet.

Please meet with my wife and me.

I have a real problem with Mr. Opotowsky. Magistrate Wilkinson placed me in the Orleans Parish Jail for the civil contempt. Opotowsky could have stopped that. He was there a year before in Magistrate Moore's courtroom. I honored the bond and returned to Colorado. I turned myself in before the US Marshal Service had the order. I told the court that I would return to Colorado for the civil contempt. I had no record. The actions were sadistic and vengeful. It was a true abuse of power. Magistrate Wilkinson protected the criminal enterprise of the US Trustee. Magistrate Wilkinson's job was to decide if I was a flight risk. I turned myself in before anyone knew about the order.

Thank you.

Case 1:19-dm-00012-AJT    Document 15-2    Filed 06/05/19    Page 22 of 26 PageID# 945

USCA Case #19-5121    Document #1788984    Filed: 05/20/2019    Page 21 of 25
USCA Case #14-5212    Document #1536569    Filed: 01/20/2015    Page 20 of 20
Case:02-26388-SBB    Doc#:316    Filed:04/14/04    Entered:04/14/04 15:30:10    Page1 of 2

**Attachment 6**

# UNITED STATES BANKRUPTCY COURT
### District of Colorado

| | |
|---|---|
| DAC Air, Inc. | Case Number.: 02-26388-SBB |
| Debtor(s) | Chapter: 7 |
| Debtor SSN/TaxId Nos.: | |
| 84-1480047 | |
| Joint Debtor SSN/Tax Id Nos.: | |

Debtor(s)
aka(s), if any will be listed on the following page

### NOTICE OF POSSIBLE DIVIDENDS

It appearing to the Trustee that a dividend to creditors is possible;

Creditors are hereby notified that if they desire to participate in a distribution of assets, they must file a claim with the court no later than 7/19/04 .

Pursuant to Fed.R.B.P. 3002(c)(1) and (5) a proof of claim shall be filed BY A GOVERNMENTAL UNIT not later than 180 days after the date of the order for relief, or 7/19/04 , whichever is later.

All claimants who are seeking an administrative claim must obtain a Court Order pursuant to the Bankruptcy Code.

Proof of Claim Forms should be filed with:

    Clerk of the Bankruptcy Court
    U.S. Custom House
    721 19th Street
    Denver, Colorado 80202-2508

THE REVERSE OF THIS NOTICE IS A CLAIM AND MAY BE USED FOR FILING THE CLAIM HEREIN. CREDITORS WHO HAVE PREVIOUSLY FILED CLAIMS NEED NOT FILE AGAIN.

Dated: 4/14/04

    Cynthia Skeen
    PO Box 218
    Georgetown, CO 80444

# Attachment 3

## Judicial Misconduct Complaint
## For
## Magistrate Joseph C. Wilkinson
## Of
## The Eastern District of Louisiana Court

### 07/12/06

1. Magistrate Wilkinson has engaged himself in criminal conduct prejudicial to the effective and expeditious administration of the business of the courts.
2. Magistrate Wilkinson is unable to discharge all the duties of office by reason of mental insanity and disability.
3. Magistrate Wilkinson has committed grotesque criminal acts against the United States Government and me.

(This complaint includes criminal misconduct by Magistrate Wilkinson and is being forwarded to Associate Judge Breyer of the Supreme Court, Chief Judge Tacha of the 10th Circuit Court of Appeals, and all appropriate departments within the Department of Justice and the FBI. The above Agencies and Individuals have been a part of the criminal investigation of DAC Air, Inc. and David Christenson Bankruptcies for over two years.)

The cases involving DAC Air Inc. and David Christenson are very complex and extensive. The criminal and sadistic behavior of Magistrate Wilkinson is a small part of a major criminal conspiracy. There are ongoing and active investigations.

### Summary of Facts

On Friday, November 18th, 2005 I accessed Pacer and reviewed the DAC Air Inc. Bankruptcy, case 02-26358 in the District of Colorado, and discovered that an order had been issued that day to have the U.S. Marshal Service escort me back to Colorado from New Orleans for Civil Contempt. The basis for this complaint was the fact that I had invoked my 5th Amendment Privilege against self incrimination and would not answer questions and would not provide a password for a financial computer disk. I had repeatedly asked for immunity, which is allowed and authorized under the Bankruptcy Code, but it was never offered or denied. The Law Firm of Kutner Miller Kearns was directly responsible for what was on the disk. (As a side note Senior Partner Kearns left his firm because of what he did to DAC Air Inc.) Kutner Miller Kearns was allowed to withdraw from the DAC Air Inc. Bankruptcy Case.

I immediately contacted the U.S. Marshall Service in New Orleans and spoke with Marshal Tim Booth. He had not received the order and had no idea what I was talking about. I told him that I would turn myself in and he instructed me to report on Tuesday, November 22nd, 2005, which I did.

# Attachment 3

On Tuesday I went to the Public Defenders office and spoke with Chief Public Defender Virginia Schlueter. (Virginia Schlueter, John Craft and Gary Schwabe are also guilty of criminal conspiracy and fraud) Gary Schwabe had represented me in the exact same case before Magistrate Moore in December, 2004. The Louisiana and Colorado Public Defenders office was completely aware of my case.

Some facts about this case and myself:
I have never been arrested.
As a Captain in the United States Air force I served my country honorable.
Both the business that I owned, DAC Air Inc., and I filed for Bankruptcy.
The reason for the Civil Contempt is that I am trying to recover the $4,000,000.00 that I owe our Government.
Criminal Fraud has been committed in the both Bankruptcies. Without the fraud I could have repaid the Government.

Ms. Schlueter accompanied me to the U.S. Marshal Service office. They told her that she needed to find a Magistrate. There was discussion about me driving up to Baton Rouge, by myself, and turning myself in there. Ms. Schlueter and I left the U.S. Marshal Service office and went looking for a Magistrate. We found Magistrate Wilkinson. This is where it becomes BIZARRE and Criminal.

Magistrate Wilkinson acted as the prosecutor, jury, executioner, public defender, jailer and judge. He immediately instructed the U.S. Marshal Service to shackle me and to treat as if I were a convicted violent felon. A review of the Court paper work will show that Magistrate Wilkinson declared this to be a felony criminal matter. It was Civil Contempt. The U.S. Marshal Service took me to their office and processed me as a criminal. Please remember that I went through this before with Magistrate Moore in December, 2004 and was treated with respect. I honored the bond that magistrate Moore had set and returned to Colorado at my own expense. A review of the transcript from Magistrate Moore will confirm this.

A review of the transcript will confirm what I about to tell you.

Marvin Opotowsky acted as the U.S. Attorney in this hearing as well as the hearings before Magistrate Moore. He knew my case well and he also knew that I was honorable and reliable as well as the fact that I did not want to involve the Eastern District of Louisiana. A review of the transcript from the Magistrate Moore hearing will confirm that I was extremely cooperative. Magistrate Moore instructed me to return to Colorado and invoke my 5th Amendment Privilege and after I did I could return to Louisiana. He knew of no situation where I could not invoke the Privilege. Upon invoking the Privilege I had fulfilled the bond requirement.

It was the opinion of Magistrate Moore, Gary Schwabe and other attorneys that I was entitled to my 5th Amendment Privilege. The Bankruptcy Code also states that a person can invoke his 5th Amendment Privilege.

## Attachment 3

On April 21st, 2005, four months after I returned to Colorado the first time, Judge Brooks held a hearing which I phoned in for. He ordered Mr. Weles, the U.S. Trustee, to prepare and file an order at once again have me returned to Colorado. He ordered Mr. Weles to do something and Mr. Weles choose to not. Mr. Weles is a U.S. Attorney. Why did Mr. Weles did not follow the order because he knew that it was illegal. He knew that I had rights. Why do you think that he did not follow the order? Finally Judge Brooks on October 5th, 2005 held a "Sea Sponte" hearing. Why did the Judge do this? Why did Mr. Weles not request it? Look at the laps in time? I did not return to Colorado because of several reasons. The Bankruptcy Code allows for me to receive expense money for the return trip and I did not have the money. Judge Brooks refused to reimburse me as is allowed. I repeatedly asked for the money. Judge Brooks refused to reimburse me as is allowed. I truly felt that someone would get involved in my case and investigate the criminal actions of certain people.

When I returned to the courtroom you could tell that Magistrate Williamson had turned his actions and directives into a personal sadistic vendetta against me. I told him that I would return to Colorado on my own and that I did not want to involve the Eastern District of Louisiana. He made it his goal to get the password from me for the financial computer disk. I was extremely cooperative and this can be confirmed by the transcript. Why did he act in such a reprehensible and criminal manner? It was not his job to get the password. Mr. Schlmeter complied with Magistrate Williamson. She informed me that I would have a Public Defender when I returned to Colorado. She promised me that I summarized the password and waived any rights to the hearings because I was promised an attorney and to stay out of an indefinite stay in the Orleans Parish Prison. I never received an attorney in Colorado. That is another story. My case should have been dealt with in Colorado. You can confirm the fact that I was to receive an attorney by reviewing the transcript from the hearing involving Judge Brooks and John Craft, the Public Defender.

A review of the transcript would be in order here as I can not accurately describe the actions of Magistrate Williamson. Please remember that everything that I said can be confirmed by transcript and court documents.

I was escorted out of the courtroom and to a cell in the U.S. Marshal Service office. (I repeatedly asked for water but was denied. Why? I was camping up in the courtroom. Please remember that truth is always stranger than fiction. Here I am in the custody of the U.S. Marshal Service, I contacted them to turn myself in, for Civil Contempt and I am to be held indefinitely in the Orleans Parish Prison as New Orleans was under emergency status and did not have the manpower and was not required to return me to Colorado until 2006. Why was this done? Why was this duress inflicted on me? I contacted Magistrate Williamson that I was using my Constitutional Right to Civil Contempt so that I could recover the $4,000,000.00 that I owed the United States.

Being dehydrated and in complete shock, I was returned to the courtroom. It was impossible for me to believe what was going on. Mr. Schlueter informed me that

# Attachment 3

Magistrate Wilkinson could indeed hold me indefinitely in the Orleans Parish Prison. I know that you are saying that that is impossible but remember that I went to the Orleans Parish Prison that night where I was incarcerated with violent Federal prisoners. I had never even been arrested. I asked for and demanded protective custody because of my classified military background working with Federal law Enforcement Agencies and the fact that I was in Civil Contempt. I was denied. I was informed that Magistrate Wilkinson had directed and ordered that I was to be held in the Orleans Parish Jail no matter what. I was also differentiated from the rest of the prisoners by a different wrist band. Why? Please review the letter that I sent to Mr. Leone the Colorado U.S. Attorney.

## Bottom line: WHY WAS MY LIFE PLACED IN JEOPERDY? What kind of sadistic person would do such a thing?

Off the record Ms. Schlueter informed me that I had to disclose the password and that I had to waive my rights to the Preliminary, Removal, Identity and Detention Hearings ( I am not positive of what the hearings are.) at a minimum so that I would not be incarcerated indefinitely. I asked Ms. Schlueter to appeal this and she informed me that she could not as she was leaving the state that day for the Thanksgiving break and that what was happening to me was not something that she could appeal.

Side note: As I was being taken to the Orleans Parish Jail I asked Ms. Schlueter to contact my wife and inform her of what happened and where I was. She gave me her word that she would. She did not call my wife. My wife had no idea where I was

Magistrate Wilkinson's only job was to decide if I was bondable. He was to decide if I would return to Colorado on my own as I had volunteered to do. His job was not to extract the password form me. He knew nothing about the bankruptcy case. How could an intelligent, normal Magistrate even assume that he could understand my case. Why would he even want to get involved. Only a crazy sadistic individual would do something like that. From a statistical point of view if he is violating my rights who else is he harming?

This man should be in prison or a mental hospital for the criminally insane.

Please allow me the opportunity to explain this in person as I am not able to do it justice in writing.

Sincerely filed,

David A. Christenson
842 Camp Street
Unit 4
New Orleans, La 70130
504-715-3086