IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:19-dm-12-AJT-2 |
| | ) | |
| JOHN DOE 2010R03793 | ) | |
| | ) | |
| | ) | |

## ORDER

By Order dated May 16, 2019, the Court held Chelsea Manning in civil contempt for refusing to testify before a federal grand jury, ordered her, until such time as she purges herself of her contempt, to be confined for the lesser of 18 months or the life of the grand jury, and assessed fines in the amount of $500 per day after 30 days and $1,000 per day after 60 days. *See* [Doc. 9]. She has filed a motion to reconsider the Court's previously imposed sanctions on the ground that those sanctions are punitive, rather than coercive. *See* [Doc. 14] ("the Motion").

As to Ms. Manning's detention, there are only three recognized grounds for granting a motion for reconsideration[1]: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005). Ms. Manning has not presented any new evidence, arguments, or legal authorities not previously raised in the briefing or hearing prior to the Court's order of confinement and has not shown that the Court clearly erred in imposing detention.

---

[1] Although the Federal Rules of Criminal Procedure, which apply to grand jury proceedings, do not address motions for reconsideration, the Court is guided by the same standard outlined in the Federal Rules of Civil Procedure. *See United States v. Dickerson*, 971 F. Supp. 2d 1023, 1024 (E.D. Va. 1997). A district court has "considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 231 n. 8 (4th Cir. 2008).

Fines may be imposed as an alternative to confinement or as an additional sanction to coerce compliance. *See In re Grand Jury Witness*, 835 F.2d 437, 440 (2d Cir. 1987). "[I]n fixing the amount of a fine to be imposed," the Court must "consider the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant." Specifically, "when the civil contempt order imposes a fine, the contemnor's financial resources must be weighed in order to decide whether the sanctions appropriately compel obedience to the order." *Id.* at 443. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). "A contemnor may be excused from the burden of a civil contempt sanction if it lacks the financial capacity to comply; but the contemnor bears the burden of production in raising such a defense." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 658 (2d Cir. 2004).

In support of the Motion, Ms. Manning has proffered a substantial number of financial records documenting her assets, liabilities, and current and future earnings. The Court has reviewed these records and concludes, based on the evidence proffered, that Ms. Manning has the ability to comply with the Court's financial sanctions or will have the ability after her release from confinement.[2] Therefore, the imposed fines of $500 per day after 30 days and $1,000 per day after 60 days is not so excessive as to relieve her of those sanctions or to constitute punishment rather than a coercive measure.

Accordingly, it is hereby

ORDERED that Chelsea Manning's motion for reconsideration [Doc. 14] be, and the same hereby is, DENIED.

---

[2] The Court also finds, based upon the nature and volume of documents proffered, that a hearing would not aid the decisional process and therefore decides the Motion without a hearing.

The Clerk is directed to forward a copy of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
August 5, 2019