IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Grand Jury 19-3 |
| v. ) | Case No. 1:19-dm-12-AJT-2 |
| ) | |
| JOHN DOE 2010R03793 ) | |
| ) | |

## ORDER

By Order dated May 6, 2019 [Doc. 2], the Court granted Chelsea Manning full use and derivative use immunity, pursuant to 18 U.S.C. § 6002, and ordered Ms. Manning to testify and provide other information in the above-captioned grand jury proceeding ("Grand Jury").

Subsequently, on May 16, 2019, after Ms. Manning stipulated that she would refuse to comply with the Court's May 6, 2019 Order, the Court found Ms. Manning in civil contempt, determined that a coercive sanction against Ms. Manning was appropriate, and remanded Ms. Manning to the custody of the Attorney General until such time as she purges herself of contempt or for the life of the Grand Jury, but in no event longer than 18 months. [Doc. 9]. In that May 16, 2019 Order, the Court also ordered that, if Ms. Manning did not purge herself of contempt within thirty (30) days, she shall incur a conditional fine of $500 per day until such time as she purges herself of contempt; and if she did not purge herself of contempt within sixty (60) days after issuance of the Order, she shall incur a conditional fine of $1,000 per day until such time as she purges herself of contempt or for the life of the grand jury, whichever occurs first. *Id.* at 2.

By Order dated August 5, 2019 [Doc. 27], the Court granted Ms. Manning credit for the time she previously served in connection with a prior grand jury matter (Grand Jury 18-4), *id.* at

1. In that same Order, the Court also reiterated its prior ruling that Ms. Manning incur a fine for each day she remained in contempt or for the life of the Grand Jury, whichever occurs first. *Id.*

By separate Order dated August 5, 2019 [Doc. 28], the Court denied Ms. Manning's Motion to Reconsider [Doc. 14] upon finding, *inter alia*, that Ms. Manning "has the ability to comply with the Court's financial sanctions or will have the ability [to] after her release from confinement," *id.* at 2.

On February 19, 2020, Ms. Manning, through counsel, filed the currently pending Memorandum of Law in Support of Motion to Release Witness [Doc. 31] ("the Motion"), in which she moves the Court "to vacate the sanctions imposed upon her, as these sanctions exceed their lawful civil functions as coercive . . . ." *Id.* at 1. More specifically, Ms. Manning contends that, under the circumstances of her case, enforcement of the conditional fines would be punitive. *Id.* at 22-25.

By Order dated March 12, 2020, after finding that the business of Grand Jury 19-3 had concluded, the Court dismissed Grand Jury 19-3.

Upon consideration of the Court's May 16, 2019 Order, the Motion, and the Court's March 12, 2020 Order discharging Grand Jury 19-3, the Court finds that Ms. Manning's appearance before the Grand Jury is no longer needed, in light of which her detention no longer serves any coercive purpose. The Court further finds that enforcement of the accrued, conditional fines would not be punitive but rather necessary to the coercive purpose of the Court's civil contempt order. Accordingly, is hereby

ORDERED that Chelsea Manning be, and she hereby is, immediately **RELEASED** from the custody of the Attorney General; and it is further

ORDERED that Chelsea Manning's Motion [Doc. 31] be, and the same hereby is, **DENIED** with respect to Ms. Manning's request to vacate the conditional fines accrued against her to date, and is otherwise **DENIED** as moot; and it is further

ORDERED that judgment be, and the same hereby is, entered against Chelsea Manning in the amount of **$256,000.00**, the total amount of her accrued, conditional fines as of March 12, 2020, which is due and payable immediately to the Clerk; and it is further

ORDERED that a hearing on Chelsea Manning's Motion [Doc. 31], currently scheduled for Friday, March 13, 2020 at 2:30 p.m. be, and the same hereby is, **CANCELLED** as moot.

The Clerk is directed to enter judgment in the amount of $256,000.00 in accordance with this Order and forward a copy of this Order to all counsel of record and to the United States Marshals.

_____/s/_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
March 12, 2020